IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

BARBARA ROSS and
KEEGAN STEPHAN,

              PLAINTIFFS,

  -versus-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-10," NEW YORK CITY
POLICE OFFICER PAUL DONADIO,
SHIELD NO. 9688,

             DEFENDANTS.

_____

INDEX NO.

COMPLAINT
JURY TRIAL DEMANDED

1. Plaintiff BARBARA ROSS and Plaintiff KEEGAN STEPHAN, by their attorneys, STECKLOW, COHEN AND THOMPSON, complaining of the defendants, respectfully allege as follows:

**PRELMINARY STATEMENT**

2. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN bring this action for compensatory damages and attorney's fees pursuant to the First, Fourth, and Fourteenth Amendment and 42 U.S.C. § 1983 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

3. On Friday, May 18, 2012 at or around 5:00 PM, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were participating in a bike ride in lower Manhattan. Plaintiffs were cycling with several other individuals while dressed in comical, flamboyant police costumes. No reasonable person could have believed that Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were actual police officers in the outfits they were wearing.

4. On Pitt Street, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were stopped by several Defendant "John Doe" POLICE OFFICERS. One witness inquired as to whether the Defendant "John Doe" POLICE OFFICERS were detaining or arresting Plaintiffs. A Defendant "John Doe" POLICE OFFICER responded that Plaintiffs were being arrested for police impersonation. The witness then correctly distinguished that offense from Plaintiff BARBARA ROSS and KEEGAN STEPHAN'S innocuous behavior by asking Defendant "John Doe" POLICE OFFICER whether Plaintiff KEEGAN STEPHAN was giving someone an order, or whether the arrest was simply due to Plaintiffs' costumes. The Defendant "John Doe" POLICE OFFICER responded,

1

tellingly, that Plaintiffs should not be wearing the costumes because they say "NYPD" on them. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were then put in handcuffs although they were not engaged in any unlawful activity, were not in possession of any contraband or weapons, and did not have any outstanding warrants.

5. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were taken to the nearby Seventh (7th) Precinct where they were held for several hours. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were issued Desk Appearance Tickets (DAT), upon a class A misdemeanor charge of reckless endangerment in the second degree. Reckless endangerment is punishable by up to one year in jail. Before arraignment, the charge was lowered by prosecutors to disorderly conduct, which is a civil violation. Following several appearances in criminal court, all charges against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were subsequently dismissed and sealed.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and the aforementioned statutory and constitutional provisions.

## VENUE

7. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Defendant CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district, and this is the district in which the incident occurred.

## THE PARTIES

8. At all times pertinent to this complaint, Plaintiff BARBARA ROSS was a resident of the City of New York, State of New York, and the County of New York.

9. At all times pertinent to this complaint, Plaintiff KEEGAN STEPHAN was a resident of the City of New York, State of New York, and the County of Kings.

10. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

12. That at all times hereinafter mentioned, Defendant NEW YORK CITY POLICE OFFICER PAUL DONADIO, SHIELD NO. 9688 ("Defendant POLICE OFFICER DONADIO") and the Defendant Police Officers "JOHN DOES 1-10" (all collectively, "Defendant POLICE OFFICERS" or any individually, "Defendant POLICE OFFICER") were duly sworn police officers of said department and were acting under the supervision of said department and according to his official duties.

13. The identities of the Defendant "John Does" POLICE OFFICERS at issue here are unknown to Plaintiffs BARBARA ROSS and KEEGAN STEPHAN at this time.

14. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN will amend this complaint to name the Defendant POLICE OFFICERS as their identities become available to Plaintiffs BARBARA ROSS and KEEGAN STEPHAN.

15. That at all times hereinafter mentioned the Defendant "John Doe" POLICE OFFICERS were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

17. Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## FACTS COMMON TO ALL CLAIMS

18. Plaintiff BARBARA ROSS is a female US citizen who resided in New York County, New York at the time of the incident giving rise to this action.

19. Plaintiff KEEGAN STEPHAN is a male US citizen who resided in Kings County, New York at the time of the incident giving rise to this action.

20. The events herein described began at or around 5:00 PM on May 18, 2012 in the lower east side of Manhattan, New York.

21. On May 18, 2012, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were riding bicycles and similar street-legal conveyances with several other individuals in lower Manhattan.

22. Several of the bicycles were decorated in crudely colored blue and white cardboard panels covering the front and back, clumsily fastened to the bikes with zip-ties.

23. Plaintiff BARBARA ROSS was riding a bright red adult-sized tricycle.

24. Plaintiff BARBARA ROSS was wearing a light blue t-shirt with "TARU NO" written in duct tape on the back and two crudely-attached, oversized sleeve patches displaying "Peace Department" and "Occupy Wall Street" where an actual police officer's patch would say "Police Officer" and "City of New York."

25. Plaintiff BARBARA ROSS was also wearing a shiny plastic imitation police officer's hat with an oversized plastic star fastened to it.

26. Plaintiff KEEGAN STEPHAN was wearing a navy blue long-sleeve jacket with "NYPD" written in duct tape across the back and two crudely affixed sleeve patches displaying "Peace Department" and "Occupy Wall Street" where an actual police officer's patch would say "Police Officer" and "City of New York."

27. Plaintiff KEEGAN STEPHAN was also wearing a navy blue cloth policeman-type hat with a shiny vinyl brim.

28. No reasonable person could have believed that Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were actual police officers in the outfits they were wearing.

29. By wearing the parody outfits, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were engaging in protected speech.

30. By assembling together peacefully, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were engaging in protected associative expression.

31. At all times while wearing the costumes during the bike ride, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN never identified themselves as police officers or issued orders or commanded any individual to act in a specified manner.

32. At all times while wearing the costumes during the ride, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN obeyed all the traffic rules, rode at a legal speed and never engaged in any conduct which created a substantial risk of injury to any other person.

33. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were riding as "The 99th Precinct," a reference to "The 99 Percent," a slogan widely used by OWS participants.

34. There is no actual NYPD precinct denominated "The 99th Precinct."

35. By participating in the solidarity bike ride, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were engaging in protected speech and associative expression.

36. At all times during the solidarity bike ride, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN followed the rules of the road and were no louder than surrounding individuals and vehicles.

37. As they were riding on Pitt Street, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN passed the NYPD 7th Precinct building.

38. Shortly after passing the 7th Precinct, the entire riding group was stopped by several Defendant POLICE OFFICERS.

39. Upon information and belief, all Defendant POLICE OFFICERS were members of the 7th Precinct.

40. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were exhibiting no suspicious behavior or engaging in any illegal acts when the Defendants POLICE OFFICERS stopped them.

41. Four Defendant POLICE OFFICERS got out of their vehicles and proceeded to put Plaintiffs BARBARA ROSS and KEEGAN STEPHAN into handcuffs.

42. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN in no way resisted or protested their arrest.

43. One witness who observed Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S arrest inquired as to whether the Defendant POLICE OFFICER was detaining or arresting Plaintiffs.

44. The Defendant POLICE OFFICER responded that Plaintiffs were being arrested, in sum and substance, "for police impersonation."

45. Penal Law § 190.25 states, in sum and substance, that for a person to be liable for criminal impersonation in the second degree, he or she must impersonate another real person or pretend to be a representative of some person or organization with the intent to obtain a benefit, injure, or defraud another.

46. The witness then asked, in sum and substance, "doesn't he have to be giving someone an order, though? Or is it just the costume?"  To which the Defendant POLICE OFFICER responded, in sum and substance, "He shouldn't be wearing it. It says NYPD on it."

47. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were not engaged in any unlawful activity, were not in possession of any contraband or weapons, and did not have any outstanding warrants.

## POST-ARREST

48. Defendant POLICE OFFICERS drove Plaintiffs BARBARA ROSS and KEEGAN STEPHAN approximately two blocks to the 7th Precinct where they were held for several hours.

49. Various items of property were seized from the Plaintiffs, and at least one item of Plaintiff BARBARA ROSS' property, to wit, a camera battery for the camera she was carrying at the time of her arrest, were not returned.

50. At length, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were each issued a Desk Appearance Ticket (DAT) on several charges, the most serious of which was

reckless endangerment in the second degree, under New York Penal Law § 120.20, a class A misdemeanor carrying a sentence of up to one year in jail.

51. New York Penal Law § 120.20 states, in sum and substance, that a person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

52. On June 25, 2012, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were arraigned on one count each of disorderly conduct under New York Penal Law § 240.20(5), which is a violation and not a crime.

53. New York Penal Law § 240.20(5) states, in sum and substance, that a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof by obstructing vehicular or pedestrian traffic.

54. In the narrative complaints supporting these charges, Defendant POLICE OFFICER DONADIO alleged that Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were "obstructing vehicular traffic by weaving their bicycles in and out of traffic and driving through multiple stop signs . . . caus[ing] at least two (2) vehicles to pull up short to avoid hitting [them]."

55. These allegations were false.

56. Furthermore, upon information and belief, from any single vantage point along Pitt Street, no person could observe Plaintiffs BARBARA ROSS and KEEGAN STEPHAN riding their bicycles through multiple stop signs.

57. Upon information and belief, any and all vantage points between the 7th Precinct and 60 Pitt Street from which Defendant POLICE OFFICERS could have witnessed the bike riders riding through multiple stop signs are obstructed by the Williamsburg Bridge.

58. Upon information and belief, none of the Defendant POLICE OFFICERS could have seen Plaintiffs BARBARA ROSS and KEEGAN STEPHAN ride past more than one stop sign from where Defendant POLICE OFFICER DONADIO alleged he was standing at the time.

59. Following several appearances in criminal court, the charges against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were dismissed and sealed.

60. The custom of imposing charges for reasons related to personal vindication or to chill putatively undesirable expression is colloquially referred to as imposing "contempt of cop" charges.

61. Upon information and belief, "contempt of cop" charges were levied against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN with respect to the reckless endangerment and disorderly conduct allegations they received.

62. Upon information and belief, it is customary among NYPD officers to arrest people even in the absence of actual belief a crime is being committed or for reasons related to personal vindication or to chill putatively undesirable expression.

63. On information and belief, it is common practice among NYPD officers to arrest people for personal vindication following instances of perceived "contempt of cop," even in the absence of actual belief a crime is being committed.

64. Upon information and belief, one of the "contempt of cop" charges levied most frequently by New York City Police Officers is disorderly conduct.

65. Upon information and belief, "contempt of cop" charges such as disorderly conduct are relatively easy for police to levy in the absence of actual probable cause because they may arise out of nearly any police-civilian interactions.

66. Upon information and belief, the charges proffered against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were brought in order to justify the illegal "contempt of cop" arrest made by the Defendant POLICE OFFICERS.

67. The particular arrest of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN is believed to have been motivated in whole or in part by the aforesaid custom or practice of charging individuals with crimes and violations such as disorderly conduct for personal vindication and/or to justify punitive false arrests because they were undertaken in a manner which indicated that the individual Defendant POLICE OFFICERS who participated in Plaintiffs BARBARA ROSS and KEEGAN STEPHAN arrest made the determination to arrest Plaintiffs BARBARA ROSS and KEEGAN STEPHAN before determining why Plaintiffs BARBARA ROSS and KEEGAN STEPHAN should be arrested.

68. The particular arrest of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN is believed to have been effected in whole or in part by the aforesaid custom of instituting "contempt of cop" charges because Defendant POLICE OFFICERS originally alleged Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were apparently arrested for criminal impersonation despite not violating that law, and then subsequently officers attempted to initiate criminal proceedings for reckless endangerment against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN, on false allegations that were, on information and belief, deemed by the Manhattan District Attorney to constitute, at most, disorderly conduct.

69. The particular arrest of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN is believed to have been effected in whole or in part by the aforesaid custom of instituting "contempt of cop" charges because Defendant POLICE OFFICER

DONADIO falsely alleged and/or was caused to falsely allege that he observed Plaintiffs BARBARA ROSS and KEEGAN STEPHAN riding through multiple stop signs, when said observation was a physical impossibility from any single vantage point along their path.

70. The particular arrests of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN are believed to have been effected in whole or in part by the aforesaid custom of instituting "contempt of cop" charges in that Plaintiffs were apparently singled out from among their companions and arrested for wearing comical parodies of NYPD uniforms, and prosecutions of the Plaintiffs were initiated and continued even after it had become apparent that no such charges were in any way legally justified.

71. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of his civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

72. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

73. All of the aforementioned acts of the Defendant CITY, Defendant "John Doe" POLICE OFFICERS, and Defendant POLICE OFFICER DONADIO, their agents, servants and employees, were carried out under the color of state law.

74. All of the aforementioned acts deprived Plaintiffs BARBARA ROSS and KEEGAN STEPHAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

75. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

77. The Defendant "John Doe" POLICE OFFICERS, Defendant POLICE OFFICER DONADIO, and Defendant CITY OF NEW YORK, collectively and individually, while

acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. Further information regarding the existence of the aforesaid constitutionally-violative customs, policies and practices of Defendant CITY OF NEW YORK and its police officers, as well as of Defendant CITY OF NEW YORK'S knowledge of same and Defendant CITY OF NEW YORK'S failures to address same are set forth in the appendix to this complaint.

79. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

80. As a result of Defendants' impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

81. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. As a result of the aforesaid conduct by Defendants, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were subjected to an illegal, improper and false arrest by the Defendants "John Doe" POLICE OFFICERS and Defendant POLICE OFFICER DONADIO, and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

83. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

84. As a result of Defendants' impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN demand judgment against Defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

_____

85. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

86. Defendants administered force on Plaintiffs, including but not limited to handcuffing Plaintiffs, in the absence of need for such action and force.

87. Defendants administered force on Plaintiffs without identifying a requisite need for such action and force.

88. The level of force employed by Defendants against Plaintiffs was objectively unreasonable.

89. The force employed by Defendants against Plaintiffs did not advance any proper government objective.

90. As a result of the aforementioned conduct of Defendants, Plaintiffs were subjected to excessive force and suffered physical injuries and discomfort.

91. As a result of Defendants' impermissible conduct, Plaintiff DAMON SHELLEY and Plaintiff NIEISHA GARRIS demand judgment against Defendants in a sum of money to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

92. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93. The Defendant "John Doe" POLICE OFFICERS and Defendant POLICE OFFICER DONADIO and the Defendant CITY OF NEW YORK had an affirmative duty to intervene on behalf of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN to prevent the above-referred violations of their constitutional rights.

94. The Defendant "John Doe" POLICE OFFICERS and Defendant POLICE OFFICER DONADIO failed to intervene on Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S behalf to prevent the violation of their constitutional rights despite having had realistic opportunities to do so.

95. The Defendants "John Doe" POLICE OFFICERS and Defendant POLICE OFFICER DONADIO failed to intervene on behalf of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN to prevent the violation of their constitutional rights, despite having substantially contributed to the circumstances within which Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S rights were violated by defendants' affirmative conduct.

96. As a result of the aforementioned conduct of the individual defendants, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S constitutional rights were violated.

97. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

98. As a result of Defendants' impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN demand judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION
## UNDER 42 U.S.C. § 1983

99. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

100. Before and during the time Plaintiffs BARBARA ROSS and KEEGAN STEPHAN came into contact with the Defendant POLICE OFFICERS, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN engaged in protected speech and associative expression, including but not limited to dressing in flamboyant police parody outfits and participating in a group bike ride with friends and associates.

101. Defendant POLICE OFFICERS took adverse action against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN.

102. Defendant POLICE OFFICERS took adverse action against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN by unlawfully arresting them without probable cause.

103. Defendant POLICE OFFICERS took adverse action against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN by falsely accusing them of crimes and violations.

104. Defendant POLICE OFFICERS took adverse action against Plaintiffs BARBARA ROSS and KEEGAN STEPHAN by taking Plaintiffs into Police custody and detaining them against their will.

105. Upon information and belief, there was a causal connection between the protected speech and associative expression engaged in by Plaintiffs BARBARA ROSS and KEEGAN STEPHAN and the adverse actions taken by the Defendant POLICE OFFICERS.

106. The causal connection between the protected speech and associative expression engaged in by Plaintiffs BARBARA ROSS and KEEGAN STEPHAN and the adverse actions taken against Plaintiff by Defendant POLICE OFFICERS was demonstrated by, among other things, the absence of probable cause justifying Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S arrest.

107. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were falsely accused of crimes and violations and were taken into Police custody and detained against their will.

108. Following their arrest for criminal impersonation, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were instead issued desk appearances tickets for reckless endangerment, but were eventually only charged with disorderly conduct, a violation and not a crime.

109. The above-described charges were a pretext intended to justify the Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S illegal arrest.

110. That the conduct and actions of Defendants POLICE OFFICERS acting under color of State law, in detaining and imprisoning the Plaintiff were done intentionally and/or with a negligent disregard for the natural and probable consequences of their acts, were done without lawful justification in violation of the Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

111. The Defendant POLICE OFFICERS deprived the Plaintiffs BARBARA ROSS and KEEGAN STEPHAN of their liberty in violation of both his civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

Case 1:13-cv-05012-VSB   Document 1   Filed 07/18/13   Page 13 of 16

112. Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

113. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN.

114. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S constitutional rights.

115. All of the foregoing acts by Defendants deprived Plaintiffs BARBARA ROSS and KEEGAN STEPHAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived liberty without due process of law;
    B. To be free from seizure and arrest not based upon probable cause; and
    C. To free expression.

116. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

117. As a result of Defendants' impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN demand judgment against Defendants in a sum of money to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER *MONELL*

118. Plaintiffs BARBARA ROSS and KEEGAN STEPHAN repeat reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

119. Plaintiffs also incorporate herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

120. Defendants arrested and incarcerated Plaintiffs BARBARA ROSS and KEEGAN STEPHAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would violate Plaintiffs BARBARA ROSS and KEEGAN STEPHAN'S constitutional rights.

13

121. The acts complained of were carried out by the aforementioned individual Defendants "John Doe" POLICE OFFICERS and Defendant POLICE OFFICER DONADIO in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

122. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

123. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    I.    wrongfully arresting individuals engaged in first amendment protected expression without probable cause due to perceived lack of respect for the police officer (i.e., "contempt of cop" arrests of persons engaged in first amendment protected expression);
    II.   wrongfully arresting individuals engaged in first amendment protected expression without probable cause in attempts to justify content-based retaliatory acts against same (i.e. "contempt of cop" "cover charge" arrests; condoning brutality);
    III.  wrongfully arresting innocent persons engaged in first amendment protected expression in order to meet quantitative "productivity goals" (i.e., arrest quotas).
    IV.   wrongfully arresting persons without probable cause due to perceived lack of respect for the police officer; in order to teach a lesson in respect while also satisfying quantitative "productivity goals" (i.e., "contempt of cop" arrests used to satisfy arrest quotas).
    V.    the pervasive failure to supervise, train, instruct and discipline police officers with respect to the constitutional rights of citizens, and encouraging the ensuing misconduct through condoning officers' widespread custom or practice known as the "Blue Wall of Silence," wherein officers deliberately frustrate official and departmental oversight by discouraging officers from reporting corrupt or unlawful acts of other police officers, and by retaliating against officers who report police misconduct (condoning pervasive constitutional violations and concomitant "Blue Wall of Silence" coverups of same)

124. The actions of the individual police defendants resulted from and were taken pursuant to the above-mentioned *de facto* policies and/or well-settled and widespread customs and practices of Defendant CITY OF NEW YORK, which are implemented by members of the NYPD, of engaging in systematic and ubiquitous perjury, both oral and written, to cover-up federal law violations committed against civilians by either themselves or their fellow officers, supervisors and/or

subordinates. They do so with the knowledge and approval of their supervisors, commanders and Defendant NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY who all: (i) tacitly accept and encourage a code of silence wherein police officers refuse to report other officers' misconduct or tell false and/or incomplete stories, *inter alia*, in sworn testimony, official reports, in statements to the CCRB and IAB, and in public statements designed to cover for and/or falsely exonerate accused police officers; and (ii) encourage and, in the absence of video evidence blatantly exposing the officers' perjury, fail to discipline officers for "testilying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil rights violations perpetrated by themselves of fellow offices, supervisors and/or subordinates against those civilians.

125. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department evince deliberate indifference to the constitutional rights of Plaintiffs BARBARA ROSS and KEEGAN STEPHAN.

126. As a result of the above constitutionally impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN were caused to suffer, *inter alia*, personal injuries, violations of their civil rights, humiliation, loss of freedom, loss of property, damage to property, loss of wages, and legal expenses.

127. As a result of Defendants' impermissible conduct, Plaintiffs BARBARA ROSS and KEEGAN STEPHAN demand judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    I. Invoke pendent party and pendent claim jurisdiction.

    II. Award appropriate compensatory and punitive damages.

    III. Award appropriate declaratory and injunctive relief.

    IV. Award attorney's fees and costs.

    V. Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
        July 17, 2013

                                      Respectfully submitted,

_____~//s//~_____
SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
10 SPRING ST, SUITE 1
NEW YORK, NY 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFFS